6:01-CV-8-ORL-19QAA

# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
# IN AND FOR BREVARD COUNTY, FLORIDA

**HENRY F. MOORE,**

     Plaintiff,

05-2000-CA-13749-XXXX-XX

v.                                                    CASE NO.: _____

**COMPREHENSIVE HEALTH SERVICES,
INC.,** a foreign corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **COMES NOW** the Plaintiff, HENRY F. MOORE, by and through his undersigned

counsel, hereby sues the Defendant, COMPREHENSIVE HEALTH SERVICES, INC., a

foreign corporation, and states as follows:

## GENERAL ALLEGATIONS & FACTS AS TO ALL COUNTS

1.    This is an action for damages in excess of $15,000.00, exclusive of attorney's fees,

costs, and interest.

2.    This is an action under the laws of the State of Florida, including claims under the

Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-760.11 (1997), the common law of the

State of Florida, as well as claims under Title VII of the Civil Rights Act of 1964, as

amended (42 U.S.C. § 2000e, *et seq*), 42 U.S.C. § 1981, and the Age Discrimination in

Employment Act of 1967 (29 U.S.C. § 621, *et seq*) (the ADEA).

2)

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

HENRY F. MOORE,                        CA 13749 X

     Plaintiff,

v.                                                          CASE NO.: _____

COMPREHENSIVE HEALTH SERVICES,
INC., a foreign corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     **COMES NOW** the Plaintiff, HENRY F. MOORE, by and through his undersigned

counsel, hereby sues the Defendant, COMPREHENSIVE HEALTH SERVICES, INC., a

foreign corporation, and states as follows:

## GENERAL ALLEGATIONS & FACTS AS TO ALL COUNTS

1.     This is an action for damages in excess of $15,000.00, exclusive of attorney's fees,

costs, and interest.

2.     This is an action under the laws of the State of Florida, including claims under the

Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01-760.11 (1997), the common law of the

State of Florida, as well as claims under Title VII of the Civil Rights Act of 1964, as

amended (42 U.S.C. § 2000e, *et seq*), 42 U.S.C. § 1981, and the Age Discrimination in

Employment Act of 1967 (29 U.S.C. § 621, *et seq*) (the ADEA).



and his representatives as defined in Paragraph 3 hereof.

2.     "Defendant".   The term "Defendant" shall mean COMPREHENSIVE HEALTH SERVICES, INC., whether by that name or any other name, and its representatives as defined in Paragraph 3 hereof.

3.     "Representatives".  The term "representatives" shall mean any and all present or former partners, agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, independent contractors and other persons acting or purporting to act on behalf of the entity referred to.

4.     "You" or "Your".  The term "you" or "your" shall refer to Defendant (defined herein) and any other person or entity acting or purporting to act on its behalf.

5.     "Document".  The term "document" shall mean any written, printed, typed and other graphic or photographic matter (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures and data stored on a computer disc or computer hard drive) and shall include the originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on each copy or otherwise and shall include, without limiting the generality of the foregoing, all letters, telegrams, teletypes, correspondence, contracts, agreements, notes, mechanical and electronic sound recordings and transcripts thereof (including, without limitation, tapes, cassettes and discs), computer printouts and other printed matter produced through computers, calendar and diary entries, memoranda, notes and records of all

2

telephone or personal conversations, meetings or any other communication, inter-office and intra-office communications, statements, manuals, summaries and compilations, minutes of meetings, charges, maps, reports, analysis, studies, graphs, prospectus, returns, statistics, pamphlets, books, offers, bulletins, order papers, articles, catalogs, records, tables, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, tickets, worksheets and all drafts, alterations, modifications and changes to any of the foregoing.

In producing the documents requested herein, you should indicate the specific request(s) in response to which each document or group of documents is being produced.

Should the Defendant claim that any document is to be withheld or not produced pursuant to a claim or privilege, the Defendant is required to identify each such document withheld and disclose for each document withheld:

a)   Its date;

b)   Author or authors;

c)   The recipients thereof;

d)   The subject matter of the document;

e)   The basis for the claim of privilege; and

f)   The location of the document.

## DOCUMENT REQUEST TO DEFENDANT

1.     Copies of any and documents (defined above) regarding the allegations made in the Complaint.

2.     The Defendant's personnel file on the Plaintiff (and any other files on the Plaintiff) including any and all documents (defined above) contained therein and other file notations.

3.     Copies of any and all documents (defined above) regarding the Plaintiff's employment and performance with EG&G of Florida, Inc.

4.     Copies of any and all documents (defined above) regarding the Defendant's decision(s) to not offer employment to the Plaintiff at the Kennedy Space Center in Brevard County, Florida, at any time.

5.     Copies of all resumes received by Defendant at any time for any Supervisor, Technical Section position with Defendant within either Environmental Health or "Launch Control" at the Kennedy Space Center in Brevard County, Florida.

6.     Copies of all advertisements and other postings of open employment positions available with Defendant at the Kennedy Space Center in Brevard County, Florida, at any time.

7.     Copies of any and all of the Defendant's handbooks and/or manuals used or in effect for any time in 1998 regarding the Defendant's internal policies governing employment discrimination of any kind.

8.     Any and all documents (defined above) regarding the Plaintiff's EEOC charges of

4

discrimination against Defendant.

9.     Any and all documents (defined above) regarding the Plaintiff's FCHR charges of

discrimination against Defendant.

10.    Any and all documentation in the possession of the Defendant showing the racial

make-up of its employees at the Kennedy Space Center in Brevard County, Florida,

at any time.

11.    Documentation showing the names, addresses and phone numbers of all individuals

who were hired by Defendant in 1998 to work in Brevard County, Florida.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of the foregoing document

will be provided to server of process to be served along with a copy of the Complaint.

**Dated** December 6, 2000.

CHARLES W. SMITH, ESQUIRE
Florida Bar No. 0095648
CIANFROGNA, TELFER, REDA,
FAHERTY & ANDERSON, P.A.
815 S. Washington Avenue, Suite 201
Titusville, Florida  32780
Telephone:  (321) 269-6833
Fax No.:   (321) 383-9970
Attorneys for Plaintiff

5

# IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

**HENRY F. MOORE,**

    Plaintiff,

CA 13749 X

v.

                      CASE NO.: _____

**COMPREHENSIVE HEALTH SERVICES, INC.,** a foreign corporation,

    Defendant.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST INTERROGATORIES ON DEFENDANT

    **COMES NOW** the Plaintiff, HENRY F. MOORE, by and through his undersigned counsel, and hereby gives notice that Interrogatories numbered one (1) through seven (7) will be served upon the Defendant, COMPREHENSIVE HEALTH SERVICES, INC., by the Plaintiff and pursuant to Rules 1.280(a) and 1.340 of the Florida Rules of Civil Procedure by process server with a copy of the Complaint.

## CERTIFICATE OF SERVICE

    **I DO HEREBY CERTIFY** that a true and correct copy of the foregoing document will be provided to server of process to be served along with a copy of the Complaint.

    **Dated** December 6, 2000.

                                CHARLES W. SMITH, ESQUIRE
                                Florida Bar No. 0095648
                                CIANFROGNA, TELFER, REDA, FAHERTY & ANDERSON, P.A.
                                Post Office Drawer 6310
                                Titusville, Florida 32782-6310
                                (321) 269-6833
                                Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

**HENRY F. MOORE,**

     Plaintiff,

v.                       **CASE NO.:** _____

**COMPREHENSIVE HEALTH SERVICES, INC.,** a foreign corporation,

     Defendant.

_____/

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

**COMES NOW,** the Plaintiff, HENRY F. MOORE, by and through his undersigned counsel and pursuant to Florida Rules of Civil Procedure Rule 1.370 and/or Federal Rule of Civil Procedure 36, and hereby files and submits to the Defendant, COMPREHENSIVE HEALTH SERVICES, INC., a foreign corporation, the following requests for admissions and requests that the Defendant admits to or denies the following in writing, within forty-five (45) days of the service of the Complaint herein:

1.     Admit that your correct corporate name is COMPREHENSIVE HEALTH SERVICES, INC.

2.     Admit that you are licensed to do business in the State of Florida.

3.     Admit that you were and are doing business at the Kennedy Space Center in Brevard County, Florida, from October 1, 1998, to date.

4.     Admit that Plaintiff is black or African-American in his race.

5.      Admit that at all times material to the Complaint, Defendant has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the 1997 and 1998 calendar years, and is an employer within the meaning of Fla. Stat. § 760.02(7) (1997) and 42 U.S.C. § 2000e.

6.      Admit that from approximately 1986 to September of 1998, Plaintiff was employed as an Industrial Hygiene Technician and an Environmental Health Engineer with EG&G Florida, Inc., in their Industrial Hygiene department of their Environmental Health Services Unit at the Kennedy Space Center located in Brevard County, Florida.

7.      Admit that effective on or about October 1, 1998, Defendant took over from EG&G of Florida, Inc., the contract with NASA to provide environmental and health services at Kennedy Space Center in Brevard County, Florida.

8.      Admit that in January of 1998, Plaintiff interviewed with Joanne Creech and EG&G of Florida, Inc., for a promotion to the position of a Supervisor, Technical Section within Environmental Health for EG&G of Florida, Inc., at the Kennedy Space Center in Brevard County, Florida.

9.      Admit that the Plaintiff was denied the promotion described in paragraph 8 above and that a white younger man was hired for that position instead.

10.     Admit that the Plaintiff was asked by his immediate supervisor and/or Joanne Creech to train the white male described in paragraph 8 above to perform the job of Supervisor, Technical Section.

11.     Admit that in September of 1998, the Plaintiff interviewed with Joanne Creech and Defendant for a position available with Defendant in Environmental Health Services or "Launch Control" at the Kennedy Space Center in Brevard County, Florida.

12.     Admit that in September of 1998, Defendant informed the Plaintiff that he would not being hired on by Defendant at any position with Defendant at the Kennedy Space Center in Brevard County, Florida.

13.     Admit that in or about September of 1998, Defendant hired on all of the incumbent environmental health engineers who had worked for EG&G of Florida, Inc., at the Kennedy Space Center (all of whom were white), except for Plaintiff.

14.     Admit that the Plaintiff had more seniority and more experience than any one of the environmental health engineers described in paragraph 13 above which were hired by Defendant to work in Launch Support.

15.     Admit that in or about October of 1998, the individual working as the Supervisor, Technical Section position for Defendant in "Launch Support" (formerly part of Industrial Hygiene) at the Kennedy Space Center in Brevard County, Florida, left that position.

16.     Admit that Plaintiff's resume was still on file with the Defendant in October of 1998.

17.     Admit that Defendant did not contact the Plaintiff directly regarding the opening in October of 1998 of the Supervisor, Technical Section position for Defendant in

3

"Launch Support" (formerly part of Industrial Hygiene) at the Kennedy Space Center in Brevard County, Florida, at any time in 1998.

18.    Admit that Joanne Creech and Paul Humbert were at least in part responsible for the decision on behalf of Defendant to not hire Plaintiff to work for Defendant in or about September of 1998.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of the foregoing document will be provided to server of process to be served along with a copy of the Complaint.

**Dated** December 6, 2000.

CHARLES W. SMITH, ESQUIRE
Florida Bar No. 0095648
CIANFROGNA, TELFER, REDA
FAHERTY & ANDERSON, P.A.
P. O. Drawer 6310
Titusville, FL 32782-6310
Phone:        (321) 269-6833
Facsimile:    (321) 383-9970
Attorneys for Plaintiff

4